UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:16-cr-484-T-24 TGW

JOE HARRY PEGG
_____/

## ORDER

This cause comes before the Court on Defendant Joe Harry Pegg's Renewed Motion for Judgment of Acquittal or, in the alternative, Motion for New Trial (Doc. 133), and the Government's response thereto (Doc. 136). For the reasons that follow, the motion is DENIED.

**I.  Background**

On November 29, 1994, Pegg pleaded guilty to conspiracy to import marijuana, in violation of 18 U.S.C. § 963, in the case styled *United States v. Joe Harry Pegg*, Case No. 94-38-cr-FtM-17(D). On February 16, 1996, Pegg was sentenced to 30 years in federal prison. For a period of time during his incarceration at FCI Coleman, Pegg's cellmate was Isidro Moreno, who had his sentence reduced based on a Rule 35 motion. Moreno and Pegg discussed the idea of third-party cooperation to benefit Pegg. Moreno was released in 2008 but was unable to provide third-party cooperation because he could not get the approval of his probation officer. Moreno eventually enlisted Fernando Morales, who agreed to provide third-party cooperation for Pegg for a $60,000.00 fee.

Pursuant to the policies and procedures of the United States Attorney's Office for the Middle District of Florida (the "USAO"), the use of these third-party cooperators would not be authorized by the USAO if the defendant or someone acting on the defendant's behalf paid the

1

third-party cooperator or if there was reason to believe that such payments would be made to the third-party cooperator in the future. Pegg, however, agreed to pay Moreno and Morales for their third-party cooperation efforts. To ensure that the USAO would file a Rule 35 motion to reduce Pegg's sentence, efforts were made to conceal from the USAO that payments were made to the third-party cooperators. Moreover, when interviewed by Assistant United States Attorneys regarding the existence of these payments, Pegg denied that such payments had been made.

On November 10, 2016, a federal grand jury returned a three count indictment against Pegg and others, charging Pegg with the following: 1) conspiracy to defraud the United States and to endeavor to influence, obstruct, and impede the due administration of justice, in violation of 18 U.S.C. § 371 (Count I); 2) corruptly endeavoring to influence, obstruct, and impede the due administration of justice, in violation of 18 U.S.C. § 1503 (Count II); and 3) knowingly and willfully making false and fraudulent statements to a federal law enforcement officer, in violation of 18 U.S.C. § 1001(a)(2) (Count III). (Doc. 1). A jury convicted Pegg on all three counts. (Doc. 120).[1]

On August 29, 2017, Pegg timely filed his Renewed Motion for Judgment of Acquittal pursuant to Federal Rule of Criminal Procedure Rule 29(c) or, in the alternative, Motion for New Trial pursuant to Rule 33 (Doc. 133). The Government filed its response on August 19, 2017. (Doc. 136).

### II. Discussion

#### A. Renewed Motion for Judgment of Acquittal

"The sole ground for a post-trial motion [for judgment of acquittal] under Rule 29(c) is that the evidence was insufficient to sustain a conviction." *United States v. Miranda*, 425 F.3d

---

[1] As to Count I, the jury found that Pegg conspired to endeavor to obstruct justice but did not conspire to defraud the United States. (*See* Doc. 120).

953, 962 (11th Cir. 2005) (citations and internal quotation marks omitted). "The standard for assessing the sufficiency of evidence is whether any reasonable view of the evidence, considered in the light most favorable to the government, is sufficient to allow a jury to find guilt beyond a reasonable doubt." *United States v. Leonard*, 138 F.3d 906, 908 (11th Cir. 1998) (citation omitted). "The court must resolve any conflicts in the evidence in favor of the government and must accept all reasonable inferences that tend to support the government's case." *United States v. Ward*, 197 F.3d 1076, 1079 (11th Cir. 2000) (citations omitted). Moreover, "[i]t is not necessary for the evidence to exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt." *Id.* (citations and internal quotation marks omitted).

Pegg argues that he is entitled to a judgment of acquittal for the following reasons: 1) the evidence was insufficient to establish a conviction on Counts I and II because there was no pending judicial proceeding for Pegg to obstruct; 2) the evidence was insufficient to sustain a conviction on all counts; and 3) the false statements which formed the basis of Pegg's conviction on Count III were not material. The Court will address each argument in turn.

### 1. Pending Judicial Proceeding

Pegg submits that there was insufficient evidence to convict him of Count I (conspiracy to obstruct justice) and Count II (the substantive obstruction charge) because there was no judicial proceeding ongoing at the time of the acts supporting these charges. However, Pegg's underlying case, *United States v. Joe Harry Pegg*, 94-38-cr-FtM-17(D) was a "pending" judicial proceeding at the time Pegg committed the conspiracy and the obstruction of justice. Pegg was still serving his thirty-year sentence. Otherwise, there would have been no reason for him to pay

a third-party cooperator in an effort to get a Rule 35 motion to reduce that sentence. In addition, Pegg intended to obstruct and was conspiring to obstruct an anticipated Rule 35 judicial proceeding. For Pegg to receive a reduction under Rule 35, the government would have to file and the judge would have to grant a Rule 35 motion. Pegg's intended result of paying a third-party cooperator was to obstruct that Rule 35 proceeding. Pegg is not entitled to a judgment of acquittal based on his argument that there was no "pending" judicial proceeding.

### 2. Evidence Insufficient to Sustain a Conviction

The evidence was sufficient to sustain a conviction on all counts. Specifically the testimony of Moreno, Pegg' emails and recorded phone calls was sufficient to allow a reasonable jury to find that Pegg knowingly and corruptly endeavored to influence, obstruct and impede the administration of justice and conspired with others including Moreno and Morales to do so. In addition, the recording of Pegg telling AUSA Steve Muldrow that no payments had been made by himself or any family members to Moreno or Morales for third party cooperation, coupled with the other evidence, was sufficient for a reasonable jury to conclude that Pegg knowingly and willfully made false statement to law enforcement officers.

### 3. False Statements were not Material

Pegg argues as he did in his motion to suppress that the statements he made to AUSA Muldrow on September 11, 2012 were not "material" as required by 18 U.S.C. § 1001(a)(2). According to Pegg, at the time he made the statements to AUSA Muldrow and others at FCI Coleman, it was clear there was not going to be a forthcoming Rule 35 motion because the Government had already concluded that Pegg had paid or coordinated payment of the third-party cooperators. Therefore, according to Pegg, the false statements could not have influenced a decision of a department or agency of the United States.

As the Supreme Court stated in *United States v. Gaudin*, 515 U.S. 506, 509 (1995), to be material a statement must have a natural tendency to influence or be capable of influencing the decision of the body to which it was addressed. However, the false statement does not have to have actually influenced a decision, it only needs to have the capacity to do so. *United States v. Gafyczk*, 847 F.2d 685, 691 (11th Cir. 1988); *United States v. Boffil-Rivera*, 607 F.3d 736, 741 (11th Cir. 2010). In addition, a statement can be material even if the receiving agency knows it is false. *United States v. Moore,* 708 F.3d 639, 649 (5th Cir. 2013). Finally, whether or not a false statement is "material" is a jury question, and the jury determined the statements were "material". *Boffil-Rivera*, 607 F. 3d at 741 (citing *Gaudin*, 515 U.S. at 509). Accordingly, Pegg is not entitled to a judgment of acquittal on Count III.

### B. Motion for New Trial

In the alternative, Pegg moves for a new trial pursuant to Federal Rule of Criminal Procedure 33(a). A request for a new trial under Rule 33(a) may be granted in the interests of justice or on the basis of newly discovered evidence. *United States v. Ramos*, 179 F.3d 1333, 1336 n.1 (11th Cir. 1999). It is within the sound discretion of the trial court to decide whether to grant a motion for new trial. *United States v. Vicaria*, 12 F.3d 195, 198 (11th Cir. 1994). While the Court must give proper deference to the jury's factual findings, *see United States v. Pedrick*, 181 F.3d 1264, 1267 (11th Cir. 1999), the "court need not view the evidence in the light most favorable to the verdict . . . [and] may weigh the evidence and consider the credibility of the witnesses," *United States v. Hernandez*, 433 F.3d 1328, 1335 (11th Cir. 2005) (citations and internal quotation marks omitted).

"A motion for a new trial must be viewed with 'great caution.'" *United States v. Reed*, 887 F.2d 1398, 1404 (11th Cir. 1989) (quoting *United States v. Hall*, 854 F.2d 1269, 1271 (11th

Cir. 1998)). The "court may not reweigh the evidence and set aside the verdict because it feels some other result would be more reasonable." *United States v. Martinez*, 763 F.2d 1297, 1312-13 (11th Cir. 1985) (citation omitted). Rather, "[t]he evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *Id.* at 1313 (citation omitted). "Motions for new trials based on weight of the evidence are not favored" and should only be granted in "exceptional cases." *Id.* (citation omitted).

Pegg argues that he is entitled to a new trial because the verdicts are contrary to the law, contrary to the evidence, contrary to the Court's instructions on the law, and insufficient to sustain the verdicts. In addition, Pegg argues the Court erred in its rejection of Pegg's proposed "perjury trap" and third-party cooperation instructions in denying Pegg's motion to suppress, motions for mistrial, and in its evidentiary rulings pertaining to the Dedes testimony and the dismissal of the Maikel Muruais Indictment. With very little or no further argument, Pegg submits the Court should revisit its rulings and order a new trial.

Pegg has stated not reason why the verdict was a miscarriage of justice or raised any new arguments as to why the Court's rulings at trial were in error or an abuse of the Court's discretion. Thus, Pegg is not entitled to a new trial under Rule 33.

Accordingly, it is ORDERED AND ADJUDGED that Defendant's Renewed Motion for Judgment of Acquittal or, in the alternative, Motion for New Trial (Doc. 133) is DENIED.

**DONE AND ORDERED** at Tampa, Florida, this 13th day of October, 2017.

SUSAN C. BUCKLEW
United States District Judge